UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | ) | INDICTMENT *CR 16-84* |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 18 U.S.C. § 371 |
| v. | ) | 26 U.S.C. § 7201 |
| | ) | 26 U.S.C. § 7206(1) |
| ROBERT E. FACKLER and | ) | 26 U.S.C. § 7212(a) |
| DIANE L. KROUPA, | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1.     At all times relevant to this Indictment, Robert E. FACKLER and Diane L. KROUPA were married.  Beginning no later than the 2004 tax year and continuing through the 2010 tax year, FACKLER and KROUPA filed their federal U.S. income tax returns with the Internal Revenue Service ("IRS") under the designation "Married Filing Jointly."

2.     At all times relevant to this Indictment, FACKLER was a self-employed lobbyist and political consultant.  FACKLER owned and operated a Schedule C entity known as Grassroots Consulting, the income of which was included as part of FACKLER and KROUPA's joint tax returns for tax years 2004-2010.   Through Grassroots Consulting, FACKLER provided lobbying and consulting services to three primary clients.   FACKLER's clients paid him as an independent contractor and reported the

SCANNED
APR 0 4 2016
U.S. DISTRICT COURT ST. PAUL

<u>U.S. v. Robert E. Fackler and Diane L. Kroupa</u>

payments to FACKLER and the IRS via Form 1099. FACKLER was typically reimbursed by clients for meals, travel, and other expenses incurred in connection with services provided to clients.

3.     At all times relevant to this Indictment, KROUPA was employed as a United States Tax Court Judge. As a United States Tax Court Judge, KROUPA's chambers were located in Washington, D.C. KROUPA was appointed to the United States Tax Court on June 13, 2003, for a term that was scheduled to end on June 12, 2018. However, on or about June 16, 2014, KROUPA retired from the United States Tax Court. As a Tax Court Judge, KROUPA heard and decided cases involving a wide variety of tax law issues, including what is required to be reported as income and what constitutes proper business deductions.

4.     For most of the time relevant to this Indictment, FACKLER and KROUPA were residents of Minnesota. From 2004 to 2013, FACKLER and KROUPA owned a house in Plymouth, Minnesota (the "Plymouth Residence"). In addition, from about July 2007 until about August 2013, FACKLER and KROUPA leased a second residence, a house in Easton, Maryland (the "Easton Residence") where KROUPA stayed while fulfilling her duties as a Tax Court Judge in Washington. With the exception of a period of approximately 9 months in about 2007—when they temporarily moved to Maryland and unsuccessfully attempted to sell the Plymouth Residence—FACKLER and KROUPA maintained their primary residence in Minnesota.

2

U.S. v. Robert E. Fackler and Diane L. Kroupa

## COUNT 1
(Conspiracy to Defraud the United States)
18 U.S.C. § 371

5.      The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 of this Indictment as if fully set forth herein.

6.      Beginning in or before 2004 and continuing at least through in or about 2012, in the State and District of Minnesota and elsewhere, the defendants,

### ROBERT FACKLER and
### DIANE KROUPA,

did unlawfully, knowingly, voluntarily, and intentionally combine, conspire, confederate, and agree with each other to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the United States Department of the Treasury in the ascertainment, computation, assessment, and collection of revenue, particularly by impairing and obstructing the ascertainment and computation of taxes.

### Purpose of the Conspiracy

7.      The purpose of the conspiracy was to evade unlawfully FACKLER and KROUPA's tax obligations.

### Manner and Means of the Conspiracy

8.      **Deduction of Personal Expenses as Business Expenses.**   As part of the conspiracy and scheme to defraud, FACKLER and KROUPA falsely reported certain

3

U.S. v. Robert E. Fackler and Diane L. Kroupa

personal expenses as Grassroots Consulting business deductions.   For example,

FACKLER and KROUPA fraudulently claimed the following personal expenses as

Schedule C business expenses associated with the operation of Grassroots Consulting:

      a.    Various personal expenses associated with the Easton Residence including rent, utilities, Internet/cable service, garbage removal, and household cleaning;

      b.    Various personal expenses associated with the Plymouth Residence including household cleaning, bathroom remodeling, new windows, interior design fees, home repair, decorating, house painting, landscaping, plumbing repairs, washer/dryer, dishwasher, garbage removal, and Internet/cable service;

      c.    Personal expenses incurred for use of furniture to "stage" the Plymouth Residence when the defendants attempted to sell the house;

      d.    Limousine and taxi fees for travel by KROUPA for Tax Court business; and

      e.    Other personal expenses incurred by or on behalf of FACKLER, KROUPA, and/or their family members, such as:

           i.    Pilates classes;
           ii.    Spa and massage fees;
           iii.    Jewelry and personal clothing;
           iv.    Wine club fees and purchases at wineries;
           v.    Airfare, hotel, and other expenses for vacations to, among other locations:

                (1)    Alaska;
                (2)    Australia;
                (3)    Bahamas;
                (4)    China;
                (5)    England;
                (6)    Greece;
                (7)    Hawaii;
                (8)    Mexico; and

U.S. v. Robert E. Fackler and Diane L. Kroupa

                      (9)     Thailand;

    vi.     Chinese tutoring;
    vii.    Music lessons;
    viii.   Personal computers;
    ix.     Family and graduation photos;
    x.      Christmas cards;
    xi.     Household items;
    xii.    Groceries;
    xiii.   Dry cleaning and laundry; and
    xiv.   Personal cellular telephone charges.

In total, from 2004 through 2010, the defendants fraudulently deducted at least $500,000 of personal expenses as purported Schedule C business expenses.   As a result, the defendants caused the amount of adjusted gross income, taxable income, and total tax shown on their income tax returns to be falsely and significantly understated.

    9.     **Concealment of Reimbursed Expenses for Grassroots Consulting.**   As part of the conspiracy and scheme to defraud, FACKLER and KROUPA purposely caused the gross receipts attributable to Grassroots Consulting to be falsely understated by fraudulently deducting purported business expenses, such as travel and meals, for which FACKLER had previously received reimbursement from his clients.   In total, defendants understated Grassroots Consulting's gross receipts by approximately $450,000.   As a result, the defendants caused the amount of adjusted gross income, taxable income, and total tax shown on their income tax returns to be falsely understated.

    10.   **Deduction of Personal Expenses as Unreimbursed Employee Expenses.** As part of the conspiracy and scheme to defraud, KROUPA falsely reported certain

U.S. v. Robert E. Fackler and Diane L. Kroupa

personal expenses as "Unreimbursed Employee Expenses" incurred in connection with her

employment as a United States Tax Court Judge.   For example, KROUPA fraudulently

claimed the following personal expenses as Unreimbursed Employee Expenses:

   a. Personal grooming services for family members;
   b. "Nantucket" bags for herself and other family members;
   c. Purchases at Barnes & Noble for family members;
   d. Various personal meals; and
   e. Household decorations.

As a result, the defendants caused and attempted to cause the amount of taxable income

and total tax shown on certain of their tax returns to be falsely understated.

   11. **Unreported Income from South Dakota Land Sale.**   As part of the

conspiracy and scheme to defraud, KROUPA purposely failed to report approximately

$44,520 that she received in 2010 in connection with the sale of a parcel of real estate

located in South Dakota.   As a result, the defendants caused the amount of adjusted gross

income, taxable income, and total tax shown on their income tax returns to be falsely

understated.

   12. **Cancellation of Indebtedness Income.**   As part of the conspiracy and

scheme to defraud, the defendants falsely claimed that approximately $33,031 of

cancellation of indebtedness income that they received from Bank of America in 2008 was

not taxable because the defendants were financially insolvent.   In fact and as the

defendants knew, they had substantial assets that exceeded their liabilities, including

retirement accounts, property, and investment accounts, rendering them solvent within the

meaning of the tax code. As a result, FACKLER and KROUPA caused the amount of adjusted gross income, taxable income, and total tax shown on their 2008 income tax returns to be falsely understated.

13.   **False and Misleading Representations During 2006 Audit**. As part of the conspiracy and scheme to defraud, in or about 2006, FACKLER and KROUPA caused false and misleading representations to be made to the IRS Tax Compliance Officer conducting an audit of FACKLER and KROUPA's tax returns for the calendar years 2004 and 2005. Specifically, in response to inquiries and requests for documentation relating to Grassroots Consulting's business deductions, FACKLER and KROUPA caused their tax preparer to represent to the IRS Tax Compliance Officer that many of the expenses claimed on their tax returns were legitimate business deductions but FACKLER kept poor records related to such expenses when, in fact and as defendants knew, such expenses were personal in nature. Rather than provide the documents requested by the Tax Compliance Officer which would have shown that the deductions were fraudulent, FACKLER and KROUPA concealed the records from both the tax preparer and the Tax Compliance Officer, telling both that they had failed to keep records related to the claimed expenses. At the conclusion of the 2006 Audit, FACKLER and KROUPA acknowledged tax deficiencies in the amount of approximately $48,000 (including interest and penalties) and were issued an "Inadequate Records Notice" by the IRS informing the defendants that they had not been keeping adequate records of their business expenses.

U.S. v. Robert E. Fackler and Diane L. Kroupa

14.     **False and Misleading Representations During 2012 Audit**. As part of the conspiracy and scheme to defraud, in or about 2012, FACKLER and KROUPA caused false and misleading representations to be made, and caused false and misleading documents to be delivered, to the IRS Revenue Agent conducting an audit of FACKLER and KROUPA's tax returns for the tax years 2009 and 2010. Specifically, FACKLER and KROUPA caused their tax preparer to represent to the IRS Revenue Agent that certain of the expenses deducted under Grassroots Consulting were legitimate business expenses when, in fact and as the defendants knew, such expenses were personal in nature. FACKLER and KROUPA also provided to their tax preparer, knowing that he would then provide to the IRS Revenue Agent, typed and handwritten documents purporting to summarize business expenses incurred by Grassroots Consulting that were, in fact and as the defendants knew, personal expenses incurred by FACKLER, KROUPA, and their family members.

15.     As part of the conspiracy and scheme to defraud, for each tax year from 2004 through 2010, FACKLER and KROUPA provided false information to their tax preparer and caused false tax returns that significantly understated their adjusted gross income, taxable income, and total tax to be filed with the Internal Revenue Service.

16.     Through the means described above, from 2004 through 2010, FACKLER and KROUPA purposely understated their taxable income by approximately $1,000,000 and purposely understated the amount of tax they owed by at least $400,000.

U.S. v. Robert E. Fackler and Diane L. Kroupa

## Overt Acts

17.     In order to effect the objects of the conspiracy and in furtherance of the conspiracy, the conspirators committed and caused to be committed the acts alleged in paragraphs 8 through 16 of this Indictment, which are hereby re-alleged and incorporated herein, as well as, but not limited to, the following specific acts:

a.     On or about April 7, 2011, the defendants caused a Form 1040 U.S. Individual Income Tax Return for the calendar year 2010 to be filed with the Internal Revenue Service wherein they falsely claimed they earned $174,659 in adjusted gross income, they owed $26,913 in total tax, and they were entitled to $13,036 as a tax refund. In fact and as the defendants knew, their adjusted gross income was substantially higher and they owed a significant amount of additional taxes.

b.     In or about March 2012, the defendants provided false information to their tax preparer regarding Grassroots Consulting's business expenses incurred during 2011.    The defendants knew and intended their tax preparer would incorporate this false information into a Form 1040 U.S. Individual Income Tax Return and associated schedules on behalf of the defendants.    Based on the false information provided by the defendants, their tax preparer prepared a draft Form 1040 U.S. Individual Income Tax Return under the "Married Filing Jointly" designation for the calendar year 2011 containing false representations regarding the defendants' adjusted gross income, total tax, and tax refund.    Ultimately, at least in part because of the progression of an IRS

9

<u>U.S. v. Robert E. Fackler and Diane L. Kroupa</u>

audit of the defendants' tax returns, the falsified "Married Filing Jointly" draft tax return was not filed.   Instead, the defendants each filed separate tax returns under the "Married Filing Separately" designation.

        c.     In or about May 2012, after being notified that the IRS was conducting an audit of the defendants' tax returns, FACKLER and KROUPA prepared and delivered to their tax preparer false and misleading documents—including typed summaries, handwritten summaries, and cut-and-pasted credit card statements—that purported to substantiate certain of the business expense deductions taken by Grassroots Consulting in 2009 and 2010.   In fact and as defendants knew, the expenses they attempted to justify through the false and misleading documents were personal, non-deductible expenses.   Defendants prepared the false and misleading documents in an attempt to impair and impede the IRS audit.

        d.     In or about May 2012, as defendants knew and intended, their tax preparer presented copies of the false and misleading summaries and credit-card statements to the IRS Revenue Agent conducting the audit of the defendants' tax returns. During the same meeting, the defendants' tax preparer—based on information provided by the defendants—falsely informed the IRS Revenue Agent that the Easton Residence was used by FACKLER as a business office and that KROUPA did not stay at the Easton Residence when in Washington, D.C.

10

U.S. v. Robert E. Fackler and Diane L. Kroupa

      e.    In or about June 2012, defendants again provided false information to their tax preparer knowing and intending that the tax preparer would pass this information along to the IRS, thereby attempting to impair and impede the ongoing audit. More specifically, in response to an inquiry from the IRS Revenue Agent regarding the nature of certain purported Grassroots Consulting payments to "service providers," the defendants provided handwritten explanations on an IRS-prepared spreadsheet falsely justifying each category of payments as legitimate business expenses when, in fact and as defendants knew, the overwhelming majority of the questioned payments were personal in nature, such as payments for housecleaners, new windows for their personal residence, interior design fees, and landscaping.

      f.    In or about September 2012, KROUPA sent an email to the defendants' tax preparer in which she falsely and misleadingly told the tax preparer that a deposit into her bank account in the amount of approximately $44,520 in July 2010 was part of an unrelated inheritance and denied that the payment was received as a result of a land sale in South Dakota, when in fact and as KROUPA knew, the $44,520 payment was from the South Dakota land sale.

    All in violation of Title 18, United States Code, Section 371.

U.S. v. Robert E. Fackler and Diane L. Kroupa

## COUNT 2
(Tax Evasion 2009)
26 U.S.C. § 7201

18.      The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 and 8 through 17 of this Indictment as if fully set forth herein.

19.      Beginning no later than in or about 2009 and continuing at least until in or about 2012, the defendants,

**ROBERT FACKLER and
DIANE KROUPA,**

in the State and District of Minnesota and elsewhere, did willfully attempt to evade and defeat the assessment of the income tax due and owing by them to the United States of America for the calendar year 2009 by the following affirmative actions among others:

a.      On or about April 12, 2010, FACKLER and KROUPA caused to be filed with the Internal Revenue Service a false and fraudulent United States Income Tax Return, Form 1040, on behalf of themselves for the year 2009 (the "2009 Return"), wherein line 38 reported adjusted gross income of $216,974; line 60 reported a total federal income tax liability of $33,799; and line 73 claimed entitlement to a refund in the amount of $3,343; whereas, as they then and there well knew and believed, their adjusted gross income was substantially in excess of $216,974, a substantial tax was due and

12

<u>U.S. v. Robert E. Fackler and Diane L. Kroupa</u>

owing to the United States of America upon said additional adjusted gross income, and they were not entitled to any refund.

   b. In or about May 2012, after being notified that the IRS was conducting an audit of the defendants' 2009 and 2010 tax returns, FACKLER and KROUPA prepared and delivered to their tax preparer false and misleading documents—including typed summaries, handwritten summaries, and cut-and-pasted credit card statements—that purported to substantiate certain of the business expense deductions taken by Grassroots Consulting in 2009 and 2010.   In fact and as defendants knew, the expenses they attempted to justify through the false and misleading documents were personal non-deductible expenses.   Defendants prepared the false and misleading documents in an attempt to impair and impede the IRS audit.

   c. In or about May 2012, as defendants knew and intended, their tax preparer presented copies of the false and misleading summaries and credit-card statements to the IRS Revenue Agent conducting the audit of the defendants' tax returns. During the same meeting, the defendants' tax preparer—based on information provided by the defendants—falsely informed the IRS Revenue Agent that the Easton Residence was used by FACKLER as a business office and that KROUPA did not stay at the Easton Residence when she was in Washington, D.C.

   d. In or about June 2012, FACKLER and KROUPA again provided false information to their tax preparer knowing and intending that the tax preparer would

pass this information along to the IRS, thereby attempting to impair and impede the ongoing audit.   More specifically, in response to an inquiry from the IRS Revenue Agent regarding the nature of certain purported Grassroots Consulting payments to "service providers," the defendants provided handwritten explanations on an IRS-prepared spreadsheet falsely justifying each category of payments as legitimate business expenses when, in fact and as defendants knew, the overwhelming majority of the questioned payments were personal in nature.

All in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT 3
(Tax Evasion 2010)
26 U.S.C. § 7201

20.    The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 and 8 through 17 of this Indictment as if fully set forth herein.

21.    Beginning no later than in or about 2010 and continuing at least until in or about 2012, the defendants,

**ROBERT FACKLER and
DIANE KROUPA,**

in the State and District of Minnesota and elsewhere, did willfully attempt to evade and
defeat the assessment of the income tax due and owing by them to the United States of
America for the calendar year 2010 by the following affirmative actions among others:

      a.    In or about March 2011, the defendants provided a tax organizer to
their tax preparer containing false information regarding income received and business
deductions purportedly incurred by Grassroots Consulting, and purposely failing to
disclose income received as a result of the South Dakota land sale, during 2010.   The
defendants knew and intended that their tax preparer would incorporate this false
information into a Form 1040 U.S. Individual Income Tax Return and associated
schedules on behalf of the defendants.

      b.    On or about April 1, 2011, KROUPA informed the defendants' tax
preparer via telephone that she did not receive any payments from the South Dakota land
sale in 2010.   In fact and as KROUPA knew, she had received approximately $44,520 in
principal and interest payments from the purchaser of the property in or about July 2010.

      c.    On or about April 7, 2011, FACKLER and KROUPA caused to be
filed with the Internal Revenue Service a false and fraudulent United States Income Tax
Return, Form 1040, on behalf of themselves for the year 2010 (the "2010 Return"),
wherein line 38 reported adjusted gross income of $174,659; line 60 reported a total
federal income tax liability of $26,913; and line 73 claimed entitlement to a refund in the
amount of $13,036; whereas, as they then and there well knew and believed, their

adjusted gross income was substantially in excess of $174,659, a substantial tax was due and owing to the United States of America upon said additional adjusted gross income, and they were not entitled to any refund.

        d.    In or about May 2012, after being notified that the IRS was conducting an audit of the defendants' 2009 and 2010 tax returns, FACKLER and KROUPA prepared and delivered to their tax preparer false and misleading documents—including typed summaries, handwritten summaries, and cut-and-pasted credit card statements—that purported to substantiate certain of the business expense deductions taken by Grassroots Consulting in 2009 and 2010.   In fact and as defendants knew, the expenses they attempted to justify through the false and misleading documents were personal, non-deductible expenses.   Defendants prepared the false and misleading documents in an attempt to impair and impede the IRS audit.

        e.    In or about May 2012, as FACKLER and KROUPA knew and intended, their tax preparer presented copies of the false and misleading summaries and credit-card statements to the IRS Revenue Agent conducting the audit of the defendants' tax returns.   During the same meeting, the tax preparer—based on information provided by the defendants—falsely informed the IRS Revenue Agent that the Easton Residence was used by FACKLER as a business office and that KROUPA did not stay at the Easton Residence when she was in Washington, D.C.

   f. In or about June 2012, defendants again provided false information to their tax preparer knowing and intending that the tax preparer would pass this information along to the IRS, thereby attempting to impair and impede the ongoing audit. More specifically, in response to an inquiry from the IRS Revenue Agent regarding the nature of certain purported Grassroots Consulting payments to "service providers," the defendants provided handwritten explanations on an IRS-prepared spreadsheet falsely justifying each category of payments as legitimate business expenses when, in fact and as defendants knew, the overwhelming majority of the questioned payments were personal in nature.

   g. In or about September 2012, KROUPA sent an email to the defendants' tax preparer in which she falsely and misleadingly told the tax preparer that a deposit into her bank account in the amount of approximately $44,520 in July 2010 was part of an unrelated inheritance and denied that the payment was received as a result of a land sale in South Dakota, when in fact and as KROUPA knew, the $44,520 payment was from the South Dakota land sale.

  All in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT 4
(Making and Subscribing a False Return – 2009)
26 U.S.C. § 7206(1)

32.    The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 and 8 through 17 of this Indictment as if fully set forth herein.

33.    On or about April 12, 2010, in the State and District of Minnesota and elsewhere, defendants,

**ROBERT FACKLER and
DIANE KROUPA,**

aiding and abetting, and being aided and abetted by each other, did willfully make and subscribe a false Form 1040 2009 Individual Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and that defendants did not believe to be true and correct as to every material matter.   The return contained materially false information in that line 31 of Schedule C reported net profit for Grassroots Consulting of $21,927; line 38 reported adjusted gross income of $216,974; line 60 reported a total federal income tax liability of $33,799; and line 73 claimed entitlement to a refund in the amount of $3,343; whereas, as the defendants then and there well knew and believed, Grassroots Consulting's net profit was substantially higher than $21,927, the defendants' adjusted gross income was substantially in excess of

18

U.S. v. Robert E. Fackler and Diane L. Kroupa

$216,974, a substantial tax was due and owing to the United States of America upon said

additional adjusted gross income, and they were not entitled to any refund.

All in violation of Title 26, United States Code, Section 7206(1) and Title 18,

United States Code, Section 2.

## COUNT 5
(Making and Subscribing a False Return – 2010)
26 U.S.C. § 7206(1)

32.    The grand jury realleges and incorporates by reference the allegations

contained in paragraphs 1 through 4 and 8 through 17 of this Indictment as if fully set

forth herein.

33.    On or about April 7, 2011, in the State and District of Minnesota and

elsewhere, defendants,

### ROBERT FACKLER and
### DIANE KROUPA,

aiding and abetting, and being aided and abetted by each other, did willfully make and

subscribe a false Form 1040 2010 Individual Income Tax Return, which was verified by a

written declaration that it was made under the penalties of perjury and that defendants did

not believe to be true and correct as to every material matter.   The return contained

materially false information in that line 31 of Schedule C reported net profit for

Grassroots Consulting of $23,656; line 38 reported adjusted gross income of $174,659;

line 60 reported a total federal income tax liability of $26,913; and line 73 claimed

19

U.S. v. Robert E. Fackler and Diane L. Kroupa

entitlement to a refund in the amount of $13,036; whereas, as they then and there well knew and believed, Grassroots Consulting's net profit was substantially higher than $23,656, the defendants' adjusted gross income was substantially in excess of $174,659, a substantial tax was due and owing to the United States of America upon said additional adjusted gross income, and they were not entitled to any refund.

All in violation of Title 26, United States Code, Section 7206(1), and Title 18, United States Code, Section 2.

## COUNT 6
(Obstruction of IRS Audit)
26 U.S.C. § 7212(a)

22.     The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 and 8 through 17 of this Indictment as if fully set forth herein.

23.     Beginning in or about January 2012 and continuing until in or about November 2012, in the District of Minnesota and elsewhere,

**ROBERT FACKLER and
DIANE KROUPA,**

did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by, among other actions:

        a.      providing false information regarding business expense deductions taken by Grassroots Consulting in 2009 and 2010 to their tax preparer knowing and

<u>U.S. v. Robert E. Fackler and Diane L. Kroupa</u>

intending that such false information would be provided in whole or in part to the IRS, which was then conducting an audit of the defendants' tax returns for 2009 and 2010;

    b. preparing and delivering to their tax preparer false and misleading documents—including typed summaries, handwritten summaries, and cut-and-pasted credit card statements—that purported to substantiate certain of the business expense deductions taken by Grassroots Consulting in 2009 and 2010, knowing and intending that such documents would be provided in whole or in part to the IRS;

    c. in response to an inquiry from an IRS Revenue Agent regarding the nature of certain purported Grassroots Consulting payments to "service providers," providing handwritten explanations on an IRS-prepared spreadsheet falsely justifying each category of payments as legitimate business expenses when, in fact and as defendants knew, the overwhelming majority of the questioned payments were personal in nature;

    d. in response to an inquiry from an IRS Revenue Agent regarding a deposit into her bank account in the amount of approximately $44,520 in July 2010, sending an email to the defendants' tax preparer falsely and misleadingly informing the tax preparer that the deposit was part of an unrelated inheritance and not income received as part of a land sale by KROUPA in South Dakota.

21

U.S. v. Robert E. Fackler and Diane L. Kroupa

All in violation of Title 26, United States Code, Section 7212(a), and Title 18, United States Code, Section 2.


A TRUE BILL


_____          _____
UNITED STATES ATTORNEY                    FOREPERSON


22